# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

GEORGE DAVID NUNEZ, SR.,   )
   )
         Petitioner,   )
   )
v.   )      **Case No. CIV 03-545-RAW-KEW**
   )
MIKE ADDISON, Warden,   )
   )
         Respondent.   )

## REPORT AND RECOMMENDATION

NOW before the Magistrate Judge is petitioner's petition for a writ of habeas corpus. Petitioner, an inmate currently incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma, attacks his 50-year sentence in Johnston County District Court Case Number CF-2001-75 for Rape in the First Degree of a Child Under the Age of Fourteen (Count 1). He raises one ground for relief:

> Petitioner was prejudiced by the State's violation of the plea agreement on Count 1, and the district court abused its discretion in denying petitioner's application to withdraw the guilty plea or, in the alternative, to grant specific performance of the agreement.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

A.     Petition to Enter Plea of Guilty in Johnston County District Court Case No. CF-2001-75.

B.     Sentence of Plea in Case No. CF-2001-75.

C.     Letter filed April 1, 2002, from petitioner to the district judge notifying the court that petitioner was withdrawing his plea in CF-2001-75.

D.     Order Denying Withdrawal of Plea. *State v. Nunez*, No. CF-2001-75 (Johnston County Dist. Ct. Apr. 17, 2002).

E.     Petitioner's Petition for Writ of Certiorari to the Court of Criminal Appeals, appealing the state district court's denial of the motion to withdraw petitioner's plea.

F.     Petitioner's brief in support of his appeal.

G.     Summary Opinion Denying Petition for Writ of Certiorari. *Nunez v. State*, No. C-2002-553 (Okla. Crim. App. Oct. 29, 2002).

H.     Transcript of hearing on petitioner's motion to withdraw plea of guilty.

The record shows that petitioner was charged in CF-2001-75 with First Degree Rape (Count 1) and Lewd Molestation (Count 2). At the plea hearing, after being advised that the statutory sentencing range for Count 1 was five years to life, petitioner entered a blind plea of guilty to Count 1. Petitioner was advised that the sentencing range for Count 2 was one to twenty years. Pursuant to the plea agreement, Count 2 was dismissed. Following a pre-sentence investigation and report, petitioner appeared for sentencing. The State asked the trial court to sentence petitioner to fifty years in prison for Count 1, and that term of incarceration was imposed by the court.

Six days later, petitioner filed a letter to the judge, asking the court to allow him to withdraw his guilty plea. The court held a hearing on the motion and denied petitioner's application to withdraw his guilty plea on Count 1. In determining petitioner's sentence, the court had considered "the pre-sentence report, the age of the victim, the nature of the crime, the evidence of the serial nature of [petitioner's] conduct, the risk to children and the community, [and petitioner's] own attitude and rehabilitative possibilities." *State v. Nunez*, No. CF-01-75, slip op. at 1 (Johnston County Dist. Ct. Apr. 17, 2002). The trial court

expressly stated that the sentence "was not imposed because the Court felt bound in any way or obliged to follow the State's recommendation," but "the suggested sentence of the District Attorney was a just and reasonable sentence for the defendant and the offense presented." *Id*. The state court's factual findings are entitled to a presumption of correctness, and petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioner appealed to the Court of Criminal Appeals, alleging his agreement with the State provided that the State would make no sentence recommendation on Count 1, and that the State would move to dismiss Count 2. He alleged the court allowed the State to breach the plea agreement by permitting the prosecutor to recommend a 50-year sentence for Count 1, and the court then accepted the State's recommendation. The Court of Criminal Appeals found "the trial court did not abuse its discretion in overruling Petitioner's motion to withdraw his plea as the record shows the plea was entered knowingly and voluntarily and that the State did not breach the terms of the agreement." *Nunez v. State*, No. C-2002-553, slip op. at 2 (Okla. Crim. App. Oct. 29, 2002) (citations omitted).

The respondent alleges petitioner's habeas petition must be denied, because the Court of Criminal Appeals determined that his guilty plea was proper and was voluntarily and knowingly entered. "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 471 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). When a petitioner complains that his plea was rendered involuntary by the State's refusal to perform its part of a plea agreement, the reviewing court first should determine whether a breach occurred. *United States v. Peterson*,

225 F.3d 1167, 1170 (10th Cir. 2000). The two-step analysis examines (1) "the nature of the government's promise," (2) "in light of the defendant's reasonable understanding of the promise at the time the guilty plea was entered." *United States v. Peterson*, 225 F.3d 1167, 1170-71 (10th Cir. 2000), *cert. denied*, 531 U.S. 1131 (2001).

Petitioner is claiming that an agreement was made that, in exchange for his guilty plea, the State would refrain from making any recommendations as to an appropriate sentence. The record, however, indicates he knowingly and voluntarily entered his plea of guilty, and no substantive plea agreement existed between him and the State with respect to sentencing. The Petition to Enter Plea of Guilty clearly states that petitioner's understanding of the plea agreement was that Count 2 would be dismissed, and he would enter a blind plea to Count 1. *See* Docket #6, Exhibit A at 2. The Oklahoma Court of Criminal Appeals has defined a blind plea as "a plea in which there is no binding agreement on sentencing, and punishment is left to the judge's discretion." *Medlock v. State*, 887 P.2d 1333, 1337 n.2 (Okla. Crim. App. 1994). Therefore, petitioner's claim that by agreeing to enter a blind plea on one count, in exchange for the dismissal of a second count, he somehow prevented the prosecutor from making a sentencing recommendation is without merit. Furthermore, the respondent asserts the trial court explained to petitioner when he entered his plea that with a blind plea, the court would determine the punishment. At petitioner's hearing on the application to withdraw guilty plea, petitioner admitted that he understood his sentence would be determined by the court alone. *See* Docket #8 at 5.

The respondent asserts the Oklahoma Court of Criminal Appeals considered and found no merit in petitioner's claim, and under the revised federal habeas corpus statutes, habeas corpus relief is proper only when the state court adjudication of a claim:

4

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

After careful review of the record, this court finds the decision by the Court of Criminal Appeals was consistent with federal law. Petitioner was advised of the range of punishment when he entered a blind plea, and there was no agreement that the prosecutor would refrain from recommending a punishment. The trial court believed the prosecutor's recommended sentence was appropriate in light of the facts of the case, but the court made an independent determination of the appropriate sentence.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this <u>19th</u> day of October 2006.

_____

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**